CALLAHAN, Circuit Judge,
concurring.
I concur in Judge Berzon’s opinion, but write separately to note what we have not held. We hold, as did the Board of Immigration Appeals (“BIA”) in In re Sanudo, 23 I. & N. Dee. 968, that a violation of California Penal Code 243(e) is not inherently a “crime involving moral turpitude.” We are particularly influenced by the California court’s determinations that a conviction under this statute does not require either a showing of bodily harm or pain, or that the perpetrator intended to injure; he “only needs to intend to commit the act.” People v. Mansfield, 200 Cal.App.3d 82, 88, 245 Cal.Rptr. 800 (1988).
We also conclude that a violation of California Penal Code 243(e) is not a “crime involving moral turpitude” under the categorical approach, and determine that, on this record, the government has not shown that the application of the modified categorical approach produces a different result. See Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (enunciating the categorical and modified categorical approaches), see also Tokatly v. Ashcroft, 371 F.3d 613, 620-24 (9th Cir.2004) (applying the categorical and modified categorical methodology and defining what documents may be considered under the modified categorical approach). However, we do not hold that the application of the modified categorical approach in another case could not result in a determination that the particular crime involved moral turpitude. Indeed, there may well be instances where a review of the limited documents that may be considered under the modified categorical approach will disclose actual injury and intent.[1] These would establish, coupled with the existence of a domestic relationship, a crime involving moral turpitude.
Finally, we do not hold that the fact that the victim of a crime deserves special protection — such as a domestic partner or a peace officer — is not a relevant or even critical factor in determining whether a crime involves moral turpitude. Rather, I read our opinion as holding only that because of the way in which California has defined the elements of a violation of California Penal Code 243(e), a conviction for violation this statute is not categorically a “crime involving moral turpitude” as set forth in 8 U.S.C. § 1182(a)(2)(A)(I)(l).

. I do not read the opinion as prohibiting the government in this case from seeking leave on remand to supplement the record with appropriate documents in an attempt to show actual injury and intent.